UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MURRAY S. HARRIS, JR.,

    Petitioner,

v.

FRANCISCO QUINTANA, Warden

    Respondent.

Civil Action No. 5:18-186-KKC

**MEMORANDUM OPINION AND ORDER**

    Federal inmate Murray S. Harris, Jr., has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

    In April 2012, after Harris pled guilty to conspiracy to distribute and to possess with intent to distribute 1 kilogram or more of heroin in violation of 21 U.S.C.§ 846, he was sentenced in the United States District Court for the Northern District of Illinois to a term of imprisonment of 130 months. In July 2015, the trial court granted Harris's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) and reduced Harris's sentence to a term of 120 months. *United States v. Harris*, No. 3:10-cr-50078-2 (N.D. Ill. 2010).

    After he began service of his sentence, Harris enrolled in the Bureau of Prisons' ("BOP") 500-hour Residential Drug Abuse Program ("RDAP"). With some exceptions, federal inmates who complete the RDAP are eligible, at the BOP's discretion, to a reduction in their sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B). According to Harris, after he completed the RDAP, the BOP

recommended placement for Harris in a halfway house (also known as a Residential Reentry Center or "RRC") for 9-12 months. [R. 1 at p. 2] Harris was then "granted" 9 months in a halfway house and was scheduled to report to the halfway house on January 17, 2018. [*Id.*] However, Harris was subsequently notified that the halfway house to which he was scheduled to report had "insufficient funds," thus he was given a new reporting date of June 6, 2018. [*Id.*] He also states that he had already been given a home confinement eligibility date of April 10, 2018. [*Id.*; R. 1-3] In his § 2241 petition, Harris seeks immediate placement on home confinement, on the grounds that the date on which he was first eligible for home confinement (April 10, 2018) is earlier than his new date to report to a halfway house (June 6, 2018). [R. 1 at p.3]

However, the allegations of Harris's petition fail to establish viable grounds for relief that may be granted by this Court. Although RRC placement and home confinement are helpful resources for readjustment to society, a federal prisoner does not have a constitutionally protected right to serve the final twelve months of his sentence in either an RRC or home confinement. Although the Second Chance Act, Pub.L. No. 110–199, 122 Stat. 657 (Apr. 9, 2008), amended 18 U.S.C. § 3624(c) to authorize the BOP to *consider* placing an inmate in an RRC or home confinement for up to twelve-months, it does not automatically entitle, or guarantee, any prisoner such placement for any minimum amount of time. *See Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016). *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015); *Harris v. Hickey*, No. 10-cv-135-JMH, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010). Indeed, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky., May 17, 2010)).

Moreover, before a prisoner may seek habeas relief under § 2241, he must first exhaust his administrative remedies within the Bureau of Prisons. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Here, Harris fails to indicate whether he has presented his request for home confinement to the BOP, opting to leave blank the questions regarding his pursuit of his administrative remedies on the § 2241 form that he used to file his petition. [R. 1-1] However, even if he had made such a request to the BOP, the BOP's placement decisions, including determinations regarding halfway house and home confinement placement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

For all of the foregoing reasons, the Court will deny Harris's petition. Accordingly, **IT IS ORDERED** that:

1. Harris's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated July 18, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY